[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Judgment affirmed. See Opinion and Judgment Entry. [NADER] (CHRISTLEY) (O'NEILL)
CRIMINAL PROCEDURE/AMENDMENT OF INDICTMENTS:
Where amendment in the indictment of the dates of the forged checks did not change the nature or identity of the charge, the trial court did not err by allowing amendment to the indictment.
CRIMINAL PROCEDURE/SEPARATE TRIALS:
Granting of a motion for separate trials is within the sound discretion of the trial court. The trial court did not abuse its discretion by not severing the trials because the crimes for which appellant was charged were part of a common plan or scheme.
CRIMINAL PROCEDURE/VENUE:
When evidence shows that appellant deposited a forged check in a Cuyahoga County ATM machine, venue is proper in Lake County when that is where her bank account is located.
EVIDENCE/BUSINESS RECORDS:
Bank employee who works with the records in question was an "other qualified witness" under Evid.R. 803(6). Thus, the trial court did not abuse its discretion by admitting the records.
EVIDENCE/EXPERT WITNESSES:
Admission of expert witness testimony is harmless error where the expert did not give an opinion to a reasonable certainty, but other evidence established guilt beyond a reasonable doubt.
MANIFEST WEIGHT OF THE EVIDENCE:
The jury verdict was supported by substantial evidence. A jury may rely on circumstantial evidence in convicting an appellant of uttering, since circumstantial evidence is often the only evidence available in such cases.